IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, DC 20006-5387<br><br>          Plaintiff<br><br>    v.<br><br>SENATE GLASS & ALUMINUM COMPANY<br>604 Salem Rd.<br>Etters, PA 17319<br><br>          Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

### VENUE

3. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

### PARTIES

4. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer

169233-1                                                     1

plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

    5.    Defendant Senate Glass & Aluminum Company ("Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

    6.    At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

    7.    The Company also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. True and correct copies of §§10.07, 10.08, 10.11, and 10.12 of the Plan are attached as Exhibit 2 and incorporated by reference.

    8.    Under the Labor Contracts, Trust Agreement and Plan, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

9. The Company also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

10.     The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PENSION FUND

### v.

### COMPANY

11.     The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

12.     On information and belief, Company has failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements and Plan from April 2005 to April 2006 in at least the sum of $67,651.04 based upon information presently available to the Funds.

13.     Despite request(s) for payment, the Company has not paid the Funds as required by the Labor Contracts, Trust Agreements, the Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     Enter judgment against Company in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $67,651.04 plus any additional amounts revealed by an audit of the Company's records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements and Plan.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

## PENSION FUND

## v.

## COMPANY

14. The allegations of Paragraph 1 through 10 are incorporated by reference as if fully restated.

15. On information and belief, Company has failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements and Plan from April 2005 to April 2006 in at least the sum of $67,651.04 based upon information presently available to the Funds in violation of 29 U.S.C. §1145.

16. The Company has failed to make the payments despite the Funds' repeated requests for payment.

17. The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enter judgment against Company in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the amount of $67,651.04 plus any additional amounts revealed by an audit of the Company's records or which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents

169233-1               5

governing the Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Plan, and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PENSION FUND

## v.

## COMPANY

18. The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

19. The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

20. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

21. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

22. No audit of the Company's books and records has been performed and the Company has not submitted all of the contractually-required remittance reports or provided all

required information (including the detail of hours worked by employees) on reports it has submitted. The missing reports and information include remittance reports for March 2006 to the present.

23. The Company is required by the Labor Contracts, Trust Agreements and applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

24. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

25. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Company to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

## PENSION FUND

## v.

## COMPANY

26. The allegations of Paragraphs 1 through 10 and 19 through 25 are incorporated by reference as if fully restated.

27. On information and belief, the Company has failed to make contributions to the Funds as required by its Labor Contracts, the Trust Agreements and Plan in a period not barred by any applicable statute of limitations or similar bar.

28. On information and belief, the Funds have been damaged by the failure of the Company to make contributions as required by its Labor Contracts, the Trust Agreements, Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against the Company and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

## PENSION FUND

v.

## COMPANY

29.     The allegations of Paragraphs 1 through 10 and 19 through 25 are incorporated by reference as if fully restated.

30.     On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

31.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of the Company.

32.     On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s)

or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

## PENSION FUND

## v.

## COMPANY

33. The allegations of Paragraphs 1 through 32 are incorporated by reference as if fully restated.

34. A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

35. Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

36. All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing

to violate the terms of the current collective bargaining agreement(s) between the Company and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually-required to do so.

    (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                      Respectfully submitted,

                      JENNINGS SIGMOND, P.C.

BY: _____
SHELLEY R. GOLDNER
Bar No. 483329
SANFORD G. ROSENTHAL
Bar No. 478737
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0644/0611
Attorneys for the Fund

Date: 6/19/06