IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | 06-01147 (RMC) |
| SENATE GLASS & ALUMINUM COMPANY | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund, respectfully moves this Court for entry of judgment by default against Defendant, Senate Glass & Aluminum Company ("Company" or "Defendant") in the amount of $91,583.47. On October 31, 2006, Plaintiff filed with the Clerk of the Court a Request to Enter Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Default was subsequently entered on November 1, 2006.

Accompanying this motion are a supporting memorandum of points and authorities, the Declaration of Thomas C. Montemore (attached as Exhibit 1), the Declaration of Kent Cprek

174809-1

(attached as Exhibit 2), and a proposed default judgment.

                                          Respectfully submitted,

                                          JENNINGS SIGMOND, P.C.

                                          BY:/s/ Kent G. Cprek
                                          KENT G. CPREK, ESQUIRE
                                          (I.D. NO. 478231)
                                          SANFORD G. ROSENTHAL, ESQUIRE
                                          (I.D. NO. 478737)
                                          The Penn Mutual Towers, 16th Floor
                                          510 Walnut Street, Independence Square
                                          Philadelphia, PA 19106-3683
                                          (215) 351-0615

Date:   November 6, 2006                    Attorneys for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN, ESQUIRE
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 06-01147 (RMC) |
| SENATE GLASS & ALUMINUM COMPANY | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendant Senate Glass & Aluminum Company ("Company" or "Defendant"), in the amount of $91,583.47.

The Pension Fund served its Complaint on Defendant on June 23, 2006. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on October 31, 2006. Default was entered against the Defendant on November 1, 2006. Plaintiff now submits its motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Kent Cprek and a proposed form of judgment.

The Pension Fund requests that the Court enter judgment by default against Defendant in the amount of $91,583.47, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $68,908.63.</u>

Defendant owes the Pension Fund at least $68,908.63 in contributions for the months of January 2003 through September 2006, based on remittance reports submitted by the Company. Montemore Declaration, ¶6.

2. <u>Interest through November 15, 2006 of $4,194.92.</u>

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through November 15, 2006 on Defendant's delinquent contributions totals $4,194.92. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶7; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3. <u>Liquidated Damages of $13,781.72.</u>

ERISA and Section 10 of the Plan mandate that liquidated damages shall be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions or contributions paid past the due date. As indicated above, Defendant owes $68,908.63 in unpaid contributions for the period January 2003 through September 2006. Twenty percent (20%) of this amount is $13,781.72. Since the total amount of liquidated damages is greater than the interest amount, Company owes $13,781.72 in liquidated damages. Montemore Declaration, ¶8; 29 U.S.C. § 1132(g)(2).

4.  <u>Attorneys' fees and costs of $4,145.71.</u>

Plaintiff has incurred $4,145.71 in attorneys' fees and costs in seeking payment of amounts owed by the Defendant for the period May 2006 through November 3, 2006. Cprek Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

5.  <u>Audit costs in the amount of $552.49.</u>

Defendant owes costs associated with an audit of its books and records in the amount of $552.49.

6.  <u>Injunctive Relief.</u>

In light of Defendant's failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (<u>See</u>, Montemore Declaration, ¶9) and the irreparable harm which Defendant's malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

7.  <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. <u>See</u>, <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989); <u>Trucking Employees of North Jersey Welfare</u>

Fund, Inc. v. Bellezza Co., No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003).

    Respectfully submitted,

    JENNINGS SIGMOND, P.C.

BY:/s/    Kent G. Cprek

    KENT G. CPREK, ESQUIRE
    (I.D. NO. 478231)
    SANFORD G. ROSENTHAL, ESQUIRE
    (I.D. NO. 478737)
    The Penn Mutual Towers, 16th Floor
    510 Walnut Street, Independence Square
    Philadelphia, PA 19106-3683
    (215) 351-0615

Date:   November 6, 2006    Attorneys for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN, ESQUIRE
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660

## CERTIFICATE OF SERVICE

I hereby certify this 6th day of November, 2006, that I caused to be served a copy of the foregoing Motion for Entry of Judgment by Default, Memorandum of Points and Authorities in Support thereof, Declaration of Thomas C. Montemore, Declaration of Kent Cprek and proposed Default Judgment by sending a copy of same via U.S. Mail, postage-prepaid to:

Senate Glass & Aluminum Company<br>
604 Salem Rd.<br>
Etters, PA 17319

DATE: <u>November 6, 2006</u>                             <u>s/ Kent Cprek</u>
                                                          KENT CPREK, ESQUIRE

174809_1.DOC