UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SENATE GLASS & ALUMINUM COMPANY,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 06-1147 (RMC) |

### ORDER OF JUDGMENT BY DEFAULT

Before the Court is Plaintiff's Motion for Entry of Judgment by Default, to which Defendant Senate Glass & Aluminum Co. has failed to respond.[1]  Plaintiff's Complaint alleges that Defendant, having agreed to abide by the terms and conditions of collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (jointly as "Union") failed to make required payments under Labor Contracts, trust agreements and the rules and regulations set forth in the International Painters and Allied Trades Industry Pension Plan in violation of 29 U.S.C. § 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"). As relief, the Complaint demands $67,651.04 in damages for failure to make payments from April

---

[1] To date, Defendant Senate Glass & Aluminum Co. has failed to respond to the Complaint, which was filed June 23, 2006, and personally served on Terri Downs, the office manager of Senate Glass & Aluminum Co., on June 27, 2006; Plaintiff's Motion for Entry of Default Judgment, filed November 6, 2006; and the Order to Show Cause issued by this Court on February 14, 2007.

2005 to April 2006 plus,

> any additional amounts revealed by an audit of the Company's records or which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust-Agreements, Plan, and 29 U.S.C. § 1132(g)(2).

In its Motion for Entry of Default Judgment filed November 6, 2006, Plaintiff requests that the Court enter default judgment in the amount of $91,583.47 plus certain injunctive relief. In awarding relief, the Court is, of course, bound by Federal Rule of Civil Procedure 54(c), which provides: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The "demand for judgment" is understood to be the prayer for relief set forth in the complaint. Fed. R. Civ. P 8(a) (stating that the complaint shall contain "a demand for judgment for the relief the pleader seeks"); *SEC v. Worthen*, 98 F.3d 480, 483 (9th Cir. 1996) (for purposes of Rule 54(c)), the "demand for judgment is contained in the complaint"). "The apparent purpose of limiting default judgments to the amount prayed for is to protect defendants who choose to default, relying on the damage ceilings contained in plaintiffs' prayers." *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 611 (7th Cir. 1980).

The Court is satisfied that the monetary damages that Plaintiff requests does not "exceed in amount that prayed for" in the complaint. The complaint makes clear that the prayer for damages in the amount of $67,651.04 plus any additional amounts revealed by an audit of the Company's records, represents the requested damages amount. Plaintiff in its complaint also

explicitly requests interest payments, appropriate liquidated damages, attorneys' fees and audit costs. Defendant was thus on notice that, in Plaintiff's view, it was in continuing noncompliance with its obligations under ERISA, and could calculate its maximum exposure.

Accordingly, it is hereby

**ORDERED** that the Court's February 14, 2007, Order to Show Cause is **DISCHARGED**; and it is

**FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment [Dkt. #5] is **GRANTED**; and it is

**FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b)(2), **JUDGMENT BY DEFAULT** shall be and hereby is entered in favor of Plaintiff and against Defendant Senate Glass & Aluminum Co. in the amount of $91,583.47 itemized as follows:

(a) Unpaid contributions for the months of January 2003 through September 2006 in the amount of $68,908.63 under 29 U.S.C. § 1132(g)(2) and 185(a);

(b) Interest from the date contributions became due until November 15, 2006, in the amount of 4,194.92;

(c) Liquidated damages in the amount of $13,781.72, which is twenty percent (20%) of the total amount owed the Fund for unpaid contributions or contributions paid late;

(d) Audit costs in the amount of $552.49;

(e) Attorneys' fees and costs in the amount of $4,145.71 incurred by Plaintiff through November 3, 2006, as provided in 29 U.S.C. § 1132(g)(2)(D);

**FURTHER ORDERED** that Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and are hereby

restrained and enjoined from refusing to file complete, proper and timely remittance reports accompanying person contributions for all periods for which Defendant is obligated to do so under its collective bargaining agreement(s);

**FURTHER ORDERED** that this judgment shall be without prejudice to the right of Plaintiff to seek recovery of any past or future delinquencies, interest, damages, and reasonable attorneys' fees and costs that may be owing to Plaintiff from Senate Glass & Aluminum Co.; and it is

**FURTHER ORDERED** that the Court shall retain jurisdiction over this action to supervise compliance with this judgment, and that Plaintiff shall, upon application, be awarded reasonable attorneys' fees and costs it incurs in the collection and enforcement of this judgment as provided in 29 U.S.C. § 1132(g)(2)(D).

**SO ORDERED**.


Date: May 14, 2007                                          /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge